```
                              FILED
                       U.S. DISTRICT COURT
                      EASTERN DISTRICT OF LA

                       2005 DEC 14  PM 2: 15

                          LORETTA G. WHYTE
                               CLERK
```

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MACLE PARKER** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO: 04-3493** |
| **JAMES MILLER, WARDEN, WCI** | * | **SECTION: "B"(6)** |

### REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. For the reasons set forth below, it is recommended that the instant petition be **DISMISSED WITH PREJUDICE** as untimely.

### PROCEDURAL HISTORY

On April 23, 2001, petitioner, Macle Parker, a prisoner incarcerated in Washington Correctional Institute ("WCI"), pled guilty to manslaughter. On that same date,

```
        ___ Fee_____
        ___ Process___
         X  Dktd_____
        ___ CtRmDep___
        ___ Doc. No___
```

the trial court sentenced petitioner to 15 years imprisonment with credit for time served.[1] Thereafter, petitioner had five days within which to file a motion for an appeal in connection with the trial court's final judgment. See La. Code Crim. P. art. 914.[2] Petitioner, however, made no effort to seek a direct appeal. As such, petitioner's conviction and sentence were rendered final on or about April 28, 2001, after the five days available to lodge an appeal expired. See State v. Counterman, 475 So.2d 336, 338 (La. 1985).

On or about June 14, 2001, petitioner filed with the state district court a motion for production of his April 23, 2001 guilty plea and sentencing transcript, along with the corresponding court minutes. On June 26, 2001, the district court granted petitioner's motion.[3]

On or about March 3, 2003, petitioner filed with the state district court an application for post-conviction relief.[4] On April 29, 2003, the state district court denied petitioner's post-

---

[1] See State rec., vol. 2 of 3, April 23, 2001 guilty plea and sentencing transcript.

[2] In 2003, Article 914 was amended to provide that a motion for an appeal must be filed within thirty (30) days after judgment has been rendered. However, in 2001, when petitioner's judgement was rendered, the time limit was five (5) days.

[3] A copy of the state district court's Order is contained in the State rec., vol. 2 of 3.

[4] March 3, 2003 is the date petitioner signed his post-conviction application. The pleading was file-stamped by the state district court on March 10, 2003. A copy of petitioner's post-conviction application is contained in the State rec., vol. 2 of 3.

conviction application.[5] On August 29, 2003, the Louisiana Fifth Circuit Court of Appeal likewise denied petitioner post-conviction relief.[6] Finally, on October 8, 2004, the Louisiana Supreme Court denied petitioner's writ application. State ex rel. Parker v. State, 883 So.2d 1030 (La. 2004).

On November 30, 2004, petitioner filed the instant federal habeas corpus application. In his application seeking federal habeas corpus relief, petitioner raises the same claims that he raised in his state post-conviction application, namely: 1) Prosecutorial misconduct; 2) ineffective assistance of counsel; and 3) invalid guilty plea. With regard to petitioner's prosecutorial misconduct and ineffective assistance of counsel claims, said claims arise from alleged action and/or inaction on the part of the prosecutor and defense counsel despite their knowledge of the fact that Michelle Ourso, a witness whose testimony served as the primary basis for petitioner's arrest and indictment, later stated that she had lied

---

[5] Copies of the district court's Order denying petitioner post-conviction relief are contained in the State rec., vol. 3 of 3.

[6] Copies of the appellate court's Order denying petitioner post-conviction relief are contained in the State rec., vol. 3 of 3. In its decision, the Louisiana Fifth Circuit references "the trial court's rulings of April 29, 2003 and May 7, 2003," finding "no error" with respect to either of the district court's decisions. However, this court's review of the State record has uncovered no copy of any May 7, 2003 ruling from the state district court regarding petitioner's post-conviction application.

3

to the police and to the grand jury.[7] Petitioner's third claim is based upon his allegation that his guilty plea was not based upon a "voluntary and intelligent admission of guilty."[8]

## ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254, with this one year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of his time for seeking review.[9] See 28 U.S.C. § 2244(d)(1) (West 2005), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220. In this case, because petitioner's time for seeking review expired April 28, 2001, his one-year limitation period commenced running on that date, giving him until April 28, 2002, to timely seek habeas corpus relief.

---

[7] See State rec., vol. 2 of 3, April 23, 2001 transcript of petitioner's guilty plea and sentencing, p. 17, lines 16-28.

[8] See Federal rec., doc. 1, petitioner's "Memorandum in Support of Petition for Writ of Habeas Corpus" at p. 19.

[9] The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481 (1997).

As noted above, petitioner filed the instant action on November 30, 2004.[10] Thus, petitioner's federal habeas corpus application must be dismissed as untimely unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. § 2244(d)(2). Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Petitioner filed an application for post-conviction relief with the state district court in March, 2003. However, by that time, petitioner's prescriptive period had ended, expiring almost a year earlier, in April, 2002.

The only matter petitioner had pending in the state courts before his one-year limitation period expired was a motion for production of his guilty plea and sentencing transcript and the corresponding court minutes which he filed on or about June 14, 2001. Such a motion, however, is generally insufficient for the purpose of interrupting prescription.

---

[10]This November 30, 2004 filing date was ascertained via the court's use of the "mailbox rule." Under this rule, a pleading filed by a prisoner acting pro se is considered to be filed for prescriptive purposes on the date it is delivered to prison officials for mailing, rather than the date it is received by the court. Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). Generally, the date a prisoner signs his petition, in this case, November 30, 2004, is presumed to be the date he delivered it to prison officials for mailing. See Colarte v. Leblanc, 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that petitioner turned his habeas corpus application over to prison officials for delivery to this court on the date he signed his application); Magee v. Cain, 2000 WL 1023423, *4 n.2 (E.D. La. 2000) (inferred that filing date and signature date of habeas petition were the same); Punch v. State, 1999 WL 562729, *2 n.3 (E.D. La. 1999) (may reasonably be inferred that prisoner delivered habeas petition to prison officials for mailing on date he signed petition).

See Boyd v. Ward, 2001 WL 533221, *4 (E.D. La. 2001) ("Although Boyd had, in the interim, litigated his entitlement to a free copy of his guilty plea and sentencing transcript through the state court system, the Court does not believe that those proceedings qualify as '...application[s] for State post-conviction or other collateral review...' so as to toll the limitation period under § 2244(d)(2) because they were preliminary in nature and did not directly call into question the validity of Boyd's conviction or sentences.") See also Brisbon v. Cain, No. 99-3078, 2000 WL 45872, *2 (E.D. La. Jan. 18, 2000). Similarly, a petitioner's attempt to obtain a transcript will generally not serve as a basis for equitable tolling. The Fifth Circuit has held that the AEDPA's one-year period of limitations may be equitably tolled, but only in exceptional circumstances. Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999). The court has elaborated, stating: "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), quoting Rashidi v. American President Lines, 96 F.3d 124, 128 (5th Cir. 1996). Further, the burden of proof to establish that equitable tolling applies falls to the petitioner. Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000).

In the instant matter, two of petitioner's claims, prosecutorial misconduct and ineffective assistance of counsel, are based upon the fact that Michelle Ourso, on whose testimony petitioner's arrest and indictment were primarily based, later informed that she had lied to police and to the grand jury.[11] Petitioner claims that because Ourso's recantation was discussed during his April 23, 2001 guilty plea proceeding in connection with a "Bench conference", outside of his hearing, it was not until October, 2001, when he received a copy of the transcript of his April 23, 2001 proceeding, that he became aware of the basis of the above two claims.[12]

The court shall assume, arguendo, that the above representation is correct and that it properly serves as a basis for equitable tolling. Thus, petitioner's one-year prescriptive period was equitably tolled for the four to five-month period from June 14, 2001, when he requested a copy of his guilty plea and sentencing transcript, until October or November,

---

[11] See discussion supra at p. 3.

[12] See Federal rec., doc. 1, petitioner's "Memorandum in Support of Petition for Writ of Habeas Corpus" at p. 12.

2001, when he received a copy of the pertinent transcript.[13] The instant petition, however, is still untimely.

After his receipt of the transcript on or about November 7, 2001, petitioner waited approximately a year and four months, until March 3, 2003, to file his state application for post-conviction relief. When one considers the fact that petitioner allowed over a month of prescription to expire before filing his June 14, 2001 transcript request, petitioner's federal habeas prescription deadline had expired approximately five months earlier, in October, 2002, before he filed his March, 2003 state post-conviction application.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the application for federal habeas corpus relief filed on behalf of petitioner, Macle Parker, be **DENIED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions

---

[13] Petitioner represents in his supporting memorandum that he received a copy of the requested transcript in October, 2001. Further, the court reporter certified that the transcript was prepared on or about October 5, 2001, the date it was filed with the Clerk of Court. (A copy of the court reporter's certification is contained in the State rec., vol. 2 of 3). However, a transmittal letter (a copy of which is contained in the State rec., vol. 2 of 3) which accompanied petitioner's receipt of his guilty plea and sentencing transcript, is dated November 7, 2001.

accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 14th day of December, 2005.

LOUIS MOORE, JR.
United States Magistrate Judge